IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDDIE CRIPPEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:20-CV-00561 |
| ) | |
| MAXWELL JOK, *et al.*, ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE HOLMES |
| Defendants. ) | |

## MEMORANDUM

Eddie Crippen, an inmate of the Morgan County Correctional Complex in Wartburg, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. § 1983 against Correctional Officer Maxwell Jok, Internal Affairs Officer Kelly Hunt, Internal Affairs Officer f/n/u Fish, Warden Ernest Lewis, Warden Brandon Watwood, Warden Tony Mays, and Tennessee Department of Correction (TDOC) Commissioner Tony Parker, alleging violations of Plaintiff's civil rights while was incarcerated at the Riverbend Maximum Security Institution (RMSI). (Doc. No. 1). Plaintiff has also filed a motion for appointment of counsel. (Doc. No. 3).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a

1

governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id*. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

A court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us

2

to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. ALLEGED FACTS

The complaint alleges that, while incarcerated at RMSI on July 17, 2019, Officer Jok "intentionally/purposefully with force slammed [Plaintiff's] right hand, multiple times, in the Mid-level Service Flap . . . of [his] cell door." (Doc. No. 1 at 4). As a result, Plaintiff sustained injuries to his hand including cuts, bleeding, nerve damage, and permanent scarring. Plaintiff was "written up" for "assault on staff with weapon" for throwing his food tray at Officer Jok. (*Id.*)

Lieutenant Joanna Cornett took pictures of Plaintiff's injuries with her cell phone. She also completed an "Accident/Injury/Trauma (CR-2592)" form and told Sergeant Luther Williams to "write up" Officer Jok for assaulting Plaintiff and using excessive force. (*Id.*)

Plaintiff filed a grievance about his disciplinary charge on July 17, 2019. Plaintiff received a response on July 30, 2019, from Unit Manager f/n/u Davis who informed Plaintiff to send the grievance to "I.A. Fish or I.A. Hunt." (*Id.*) Plaintiff appealed the grievance on August 7, 2019.

3

Plaintiff's grievance hearing was held on August 20, 2019, during which time the grievance committee recommended that "I.A." and Ernest Lewis investigate the matter. (*Id*. at 5).

On August 25, 2019, "the Warden" agreed with the grievance committee's proposed response and wrote that "[t]his matter should be investigated by the institutional investigator." (*Id*.) However, according to Plaintiff, no investigation ever has occurred. Plaintiff appealed the Warden's response to the Commissioner, who concurred with the Warden.

## IV. ANALYSIS

The complaint names the following individuals as Defendants to this action: Correctional Officer Maxwell Jok, Internal Affairs Officer Kelly Hunt, Internal Affairs Officer f/n/u Fish, Warden Ernest Lewis, Warden Brandon Watwood, Warden Tony Mays, and TDOC Commissioner Tony Parker.

**A. Excessive Force Claims**

Plaintiff alleges that Officer Jok used excessive force when he slammed Plaintiff's right hand multiple times in the service flap of his cell door, resulting in injuries to Plaintiff's hand including cuts, bleeding, nerve damage, and permanent scarring. (Doc. No. 1 at 4).

From the complaint, it appears Plaintiff was a convicted prisoner, not a pre-trial detainee, at the time of the alleged use of excessive force by Officer Jok. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas Cnty., Ohio,* 799 F.3d 530, 538-39 (6th Cir. 2015) ("The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the

4

plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'") (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)).

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" *Cordell v. McKinney,* 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." *Cordell*, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Id*. (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Cordell*, 759 F.3d at 581 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010)). "'When

5

prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" *Cordell*, 759 F.3d at 581 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8.

Based on the allegations of the complaint, the Court finds that Plaintiff states a colorable excessive force claim under Section 1983 against Officer Jok in his individual capacity. Ultimately, it is unclear whether Plaintiff can prove these allegations but, for purposes of the required PLRA screening, this claim is not frivolous and should be developed further.

## B. Due Process Claims

Plaintiff's claims against the remaining Defendants relate to his concerns that his grievance was not handled properly and/or that a proper investigation of his grievance did not occur. Although it is not entirely clear from the complaint, it appears from the attachments to the complaint that Plaintiff's grievance challenged the disciplinary "write up" or charge he received when he allegedly threw his meal tray at Officer Jok.

"[P]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. 539, 556 (citing *Morrissey v. Brewer*, 408 U.S. at 411, 480 (1972)). Inmates enjoy a narrow set of due

6

process rights when prison authorities institute disciplinary proceedings. *See Cleavinger v. Saxner*, 474 U.S. 193 (1985) (disciplinary board members protected by qualified immunity); *Superintendent v. Hill*, 472 U.S. 445, 455–56 (1985) (disciplinary findings satisfy due process if supported by any evidence, however meager); *Ponte v. Real*, 471 U.S. 491, 495–99 (1985) (disciplinary board need not make contemporaneous record of reasons live witnesses for inmate not allowed); *Baxter v. Palmigiano*, 425 U.S. 308, 319–323 (1976) (disciplinary board may draw adverse inference from inmate's silence; inmate has no right to cross-examination); *Wolff*, 418 U.S. 539, 564–71 (defining scope of due process application to prison disciplinary hearings); *Wolfel v. Morris*, 972 F.2d 712 (6th Cir. 1992).

In *Wolff v. McDonnell*, the Supreme Court held that, when a prisoner is charged with a disciplinary offense that may result in loss of good time credit, due process requires (i) written notice of the charges at least twenty-four hours prior to the hearing; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals[;]" and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. 418 U.S. 539, 563–64, 566. These protections are required only when a liberty interest is at stake. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 486–87 (1995). "A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) (quoting *Sandin*, 515 U.S. at 484); *see Upshaw v. Jones*, No. 14-2534-JDT-tmp, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015) (finding no violation of inmate's due process rights when corrections officer assigned inmate to segregation as punishment prior to inmate's disciplinary hearing).

7

Assuming that Plaintiff's hearing-based claim concerns a disciplinary hearing, the complaint does not identify what punishment Plaintiff received, or what consequences ensued, as a result of the disciplinary hearing. The complaint sets forth no facts demonstrating that Plaintiff had a liberty interest in the outcome of his disciplinary hearing, such as a loss of sentence credit. The complaint provides very little information about the hearing Plaintiff received.

To the extent Plaintiff argues that he has the right to prove his innocence at a hearing, a prison disciplinary infraction is not the equivalent of a state or federal criminal charge against Plaintiff. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." *Brooks v. Westbrooks,* No. 3:17-cv-00686, 2017 WL 3868275, at *3 (M.D. Tenn. Sept. 5, 2017) (quoting *Crafton v. Luttrell*, 378 F. Supp. 521, 526 (M.D. Tenn. 1973) (citations omitted)).

Plaintiff brings due process claims based on the failure of certain Defendants to respond to Plaintiff's grievances or to respond in the way Plaintiff desires. However, a plaintiff cannot premise a Section 1983 claim on allegations that an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *overruled in part on other grounds by Sandin*, 515 U.S. 472.

To the extent that Plaintiff seeks to hold certain Defendants liable because of their roles as Wardens or TDOC Commissioner, these Defendants cannot be held liable solely because of their supervisory positions. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984).

8

Consequently, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. "There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates." *Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Here, Plaintiff does not allege that Defendants Hunt, Fish, Lewis, Watwood, Mays, or Parker had any involvement in the incidents set forth in the complaint other than responding to, or failing to respond to, Plaintiff's grievance.

Consequently, the Court finds that the complaint fails to state Section 1983 due process claims arising from Plaintiff's disciplinary hearing or grievance investigation; further, the complaint fails to state Section 1983 due process claims based on any Defendant's supervisory position or failure to respond to Plaintiff's grievances. These claims will be dismissed.

### V. MOTION FOR APPOINTMENT OF COUNSEL

Finally, Plaintiff seeks the appointment of counsel. (Doc. No. 3). He states that he has no legal training, he must rely on others to assist him with his legal filings, his case is "extraordinarily complex," he is indigent and cannot afford an attorney, and appointing counsel "would in fact in some measure equalize the inherent imbalance in civil right litigation in general and litigation in particular." (*Id*. at 1-2).

9

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's lack of legal training and financial circumstances are typical to most pro se prisoner litigants. *See Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an application to proceed in forma pauperis and supporting documents, and a motion seeking counsel. The Court finds that Plaintiff is effectively representing his own interests to date. *See, e.g., Flores v. Holloway*, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. Plaintiff's motion to appoint counsel (Doc. No. 3) therefore will be denied without prejudice. Plaintiff may renew this motion at a later time if the circumstances warrant.

## VI.  CONCLUSION

Having conducted the review required by the PLRA, the Court determines that the complaint states a colorable excessive force claim under Section 1983 against Officer Jok in his individual capacity.  This claim may proceed for further development of the record.

With respect to all other claims and Defendants, the complaint fails to state claims upon which relief can be granted under Section 1983.  Those claims and Defendants will be dismissed.

Plaintiff's motion for the appointment of counsel (Doc. No. 3) will be denied without prejudice to renew, if appropriate.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE