IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EDDIE CRIPPEN | ) | |
| | ) | |
| v. | ) | NO: 3:20-00561 |
| | ) | |
| MAWELL JOK | ) | |

**TO:** Honorable William L. Campbell, Jr., District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 12, 2020 (Docket Entry No. 8), the Court referred this *pro se* and *in forma pauperis* prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the contested motion for summary judgment (Docket Entry No. 32) filed by Defendant Mawell Jok. For the reasons set out below, the undersigned respectfully recommends that Defendant's motion be denied.

### I. BACKGROUND

Eddie Crippen ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Morgan County Correctional Complex in Wartburg, Tennessee. He filed this *pro se* and *in forma pauperis* lawsuit on June 29, 2020, seeking damages and other relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, where he was previously confined. (Complaint at Docket Entry No. 1.) The sole

defendant remaining in the case is Mawell Jok ("Defendant"), a correctional officer at RMSI. Plaintiff alleges that Defendant Jok used excessive force against him in violation of his Eighth Amendment rights.[1] Defendant demands a trial by jury, but a trial has not yet been scheduled in the case.

The undisputed facts show that, on the morning of July 17, 2019, Defendant was serving breakfast meal trays to inmates who were locked within their single man cells in Plaintiff's housing pod. To serve a food tray to the inmate, Defendant has to unlock and open the flap or covering that secures the small service opening located in the middle of the cell door, slide the tray into the cell, and then close and relock the flap. The flap is commonly referred to as the "pie flap." When Defendant came to Plaintiff's cell, he unlocked the pie flap on Plaintiff's cell door and served him his meal tray. At some point shortly thereafter, Plaintiff stuck his right hand through the service opening. Plaintiff asserts that he did this because he was upset about other matters in his unit and wanted to get the attention of and talk to officers in his unit.

The crux of Plaintiff's case is what occurred next. Plaintiff alleges that Defendant then slammed the pie flap down on Plaintiff's right hand multiple times before moving to the next cell and leaving the service opening uncovered. (*Id*. at 4.) He alleges that the pie flap was slammed on his hand with enough force to injure his hand, causing cuts and bleeding. Defendant denies that he slammed the pie flap on Plaintiff's hand as alleged. After the incident at issue, Plaintiff threw the food tray and its contents out the service opening in the direction of Defendant.

---

[1] Upon initial screening of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed all other claims and defendants that were raised in Plaintiff's complaint. (Memorandum and Order at Docket Entry Nos. 7 and 8.)

A few hours after the incident, both Defendant and Plaintiff were examined by the RMSI medical department and written reports were prepared. The staff noted no injuries to Defendant and noted that Plaintiff suffered "superficial scratches and mild inflammation on right hand," said "I'm fine and I don't need treatment," and refused a band-aid.[2] Plaintiff alleges that his injuries were more than minor and consisted of cuts and bleeding and that he ultimately suffered nerve damage in his right hand fingers and scarring on his right hand. Plaintiff alleges that Lt. Joanna Cornett ("Cornett") came to his cell and took pictures of his injuries on her cellphone and also contends that Cpl. Shima Goins ("Goins") filmed Cornett taking pictures of Plaintiff's injuries with a video recorder. (*Id*. at 4 and 14.) However, both Cornett and Goins have filed affidavits rebutting Plaintiff's contention they took pictures and video as alleged.[3]

The incident was captured by surveillance video cameras in the housing pod, and two videos have been provided to the Court for viewing. (Docket Entry No. 30.) Defendant has filed the affidavit of Kelly Hunt, an internal affairs investigator at RMSI, who attests that she reviewed the video camera footage as part of an investigation into the incident as a result of the disciplinary allegation of an assault on staff and that the two videos provided to the Court are the only two videos that show that incident at issue. (Affidavit of Kelly Hunt at Docket Entry No. 26.) She contends that although these two videos were preserved as part of the "assault packet" that was generated, any other videos from the unit that day were not preserved and "dropped" off the video system after 30 days. (*Id*.)

---

[2] *See* Docket Entry No. 26-1 at 2-3.

[3] *See* Affidavits of Goins (Docket Entry No. 24) and Cornett (Docket Entry No. 25).

In the aftermath of the incident, Plaintiff was given a disciplinary report for "assault on staff with weapon" because throwing the food tray out the service opening at Defendant. Plaintiff was convicted of this charge by the prison disciplinary board.[4] Plaintiff filed a timely grievance against Defendant about the incident, which was ultimately denied after a hearing and upon Plaintiff's administrative appeals.[5]

Upon Defendant's filing of an answer (Docket Entry No. 13), a scheduling order was entered providing for a period of pretrial activity in the action, including a period for discovery. (Docket Entry No. 14.) The scheduling order deadlines have now expired. As part of discovery, Plaintiff filed a motion to compel production of additional surveillance video footage and of the pictures that he contends were taken by Cornett and the video that he contends was taken by Goins. By Order entered July 15, 2021 (Docket Entry No. 34), the Court denied Plaintiff's motion to compel. Currently pending before the Court is Plaintiff's motion for review of that Order. (Docket Entry No. 43.)

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

Defendant seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure, contending that there are no genuine issues of material fact and that he is entitled to judgment in his favor as a matter of law. In support of his motion, Defendant files a statement of undisputed material facts (Docket Entry No. 31), excerpts from Plaintiff's deposition

---

[4] Plaintiff asserts in his response to the motion for summary judgment that this charge was dismissed upon appeal. (Docket Entry No. 45 at 1.) Whether or not his assertion is correct is not a genuine issue of material fact for the purposes of determining the motion for summary judgment because Plaintiff's claim is not based upon the disciplinary charge.

[5] *See* Complaint, Docket Entry No. 1 at 13-18 and 22-23.

transcript (Docket Entry No. 31-1), the two surveillance videos (Docket Entry No. 30), and the affidavit of Kelly Hunt and documents attached thereto (Docket Entry No. 29).

Defendant argues that Plaintiff cannot establish the two essential elements of his excessive force claim; a malicious intent on the part of Defendant and an injury objectively serious enough to amount to a constitutional injury. (Docket Entry No. 33.) Specifically, Defendant contends that there are no facts indicating that he was doing anything other than trying to lock the pie flap when Plaintiff intentionally stuck his hand in the service opening and, as a result, there is no evidence showing that Defendant acted with a malicious and culpable state of mind. (*Id*. at 3-4.) Defendant further contends that Plaintiff cannot satisfy the objective component of his claim because the undisputed evidence shows that he suffered only minor injuries as a result of the incident. (*Id.* at 5-6.)

Plaintiff opposes the motion with a response to Defendant's statement of undisputed material facts (Docket Entry No. 45-1) and with several exhibits, consisting of copies of a page from the prison policy on the use of force, copies of various prison documents, and a picture of his hand which he contends shows a scar from the injury that he suffered. (Docket Entry No. 45-2.) Plaintiff argues that no justification existed for Defendant to use force against him when he had his hand in the service opening, let alone any justification for Defendant to strike his hand multiple times with the pie flap. (Docket Entry No. 45 at 1-2.) Plaintiff contends that Defendant's current argument that Plaintiff's hand was hit by the pie flap while Defendant was merely trying to close the service opening is inconsistent with Defendant's statement in the disciplinary proceeding, which suggested that he walked away and didn't try to lock the pie flap when Plaintiff put his hand in the opening. (*Id*. at 2.) Plaintiff further contends that the undisputed evidence clearly shows that he suffered injuries as a result of Defendant's actions and

5

that, had prison officials provided the complete videos and pictures that he contends were taken instead of trying to "cover up" the incident, there would be video and photographic evidence supporting his claim. (*Id*. at 2-3.)

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991).

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.* The

6

mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

When facts relevant to a summary judgment motion have been recorded on a video, "to the extent that videos in the record show facts so clearly that a reasonable jury could view those facts in only one way, those facts should be viewed in the light depicted by the videos." *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017). "To the extent that facts shown in videos can be interpreted in multiple ways or if videos do not show all relevant facts, such facts should be viewed in the light most favorable to the non-moving party." *Id*.

## IV. ANALYSIS

A. Eighth Amendment Standards

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). Because the Eighth Amendment does not protect against ordinary torts or negligence, a Section 1983 claim requires proof of a level of mental culpability on the part of the defendant and a level of objective severity of the alleged harm that are sufficient to implicate constitutional protections. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 1993).

The subjective component "focuses on the state of mind of the prison officials," and "'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Williams v. Curtin*, 631 F.3d 380, 383

(6th Cir 2011) (quoting *Hudson v. McMillan*, 503 U.S. 1, 6 (1992)). In making this determination, the Court considers "the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted." *Id*. (quoting *Whitley*, 475 U.S. at 321). The Court may also consider the circumstances "'as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.'" *Id*.

The objective component of an excessive force claim requires the pain inflicted to be "'sufficiently serious.'" *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This inquiry is "contextual" and "'responsive to contemporary standards of decency.'" *Id*. (quoting *Hudson*, 503 U.S. at 8-9). Although the seriousness of a prisoner's injury may help determine the level of force that was used, it is not dispositive as to whether excessive force has occurred. *Wilkins v. Gaddy*, 559 U.S. 34 , 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are violated . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9; *Wilkins*, *supra*. Otherwise, "the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9; *Cordell,* 759 F.3d at 581.

B. Plaintiff's Claim

After review of the parties' filings and the entire record, the Court finds that genuine issues of material fact exist on Plaintiff's claim that must be resolved by the trier of fact. Accordingly, Defendant's motion for summary judgment as a matter of law should be denied.

What exactly occurred at Plaintiff's cell is known by only two people, Plaintiff and Defendant. There were no apparent witnesses to the incident, and the video footage submitted into the record by Defendant does not so clearly show the incident that viewing the video can lead to only one reasonable conclusion of what occurred and compel granting Defendant summary judgment. Defendant has further not submitted his own affidavit as part of his summary judgment proof. The only evidence before the Court as to what occurred is Plaintiff's deposition testimony that Defendant, for no justifiable reason, slammed the top of Plaintiff's right hand three or four times with the pie flap, kept pushing the flap onto Plaintiff's hand, and hit Plaintiff's hand with such force that it caused cuts and bleeding. (Plaintiff's deposition, Docket No. 31-1 at 19, 27-28, and 51.) These facts must be viewed in the light most favorable to Plaintiff as the non-moving party.

With respect to the subjective component of Plaintiff's claim, Defendant argues that there are no facts showing that he acted maliciously to cause harm to Plaintiff. Defendant contends that he was making a good faith effort to secure the service opening by closing the pie flap and that "Plaintiff caused his own injury when he intentionally stuck his hand in the flap in the cell door to prevent [Defendant] from locking it." (Defendant's memorandum in support, Docket No. 33 at 4.)

This argument is not supported by the evidence in the record or by the applicable law. Without some type of testimony from Defendant, his own declared motivation for closing the pie flap is unknown. Further, there is no evidence that Plaintiff's hand was somehow inadvertently struck or injured by a single contact with the pie flap as Defendant attempted to close the pie flap. Instead, the only evidence before the Court is that Defendant repeatedly slammed the pie flap on Plaintiff's hand after it was clear that Plaintiff was not removing his hand from the service door opening. Such evidence could reasonably be viewed by a jury as showing a

9
Case 3:20-cv-00561   Document 46   Filed 10/04/21   Page 9 of 13 PageID #: 243

gratuitous use of force by Defendant that is indicative of a malicious state of mind on the part of Defendant to harm or injure Plaintiff.

Although Defendant appears to suggest that a penological need existed for him to close the pie flap regardless of whether Plaintiff's hand was in the service opening, a reasonable jury could conclude that, once it was apparent that Plaintiff would not remove his hand from the service opening, there was no need for a use of force by repeated strikes with the pie flap. There is no evidence before the Court that the repeated striking of an inmate's hand with the pie flap is a permissible measure of penological force under TDOC policy. Even if Plaintiff's hand was in the service opening, he was nonetheless secured in his cell and is not alleged to have been grabbing or attempting to grab Defendant through the service opening. There is no evidence that Plaintiff was given any kind of verbal order to remove his hand from the service opening, and the evidence before the Court shows that Defendant moved on to the next cell to distribute food trays when Plaintiff continued to keep his hand in the service opening.

While each case turns on its own facts, courts in prior cases involving claims similar to Plaintiff's claim have found actions of a prison official like those alleged in Plaintiff's case to be sufficient to support an excessive force claim. *See Roberts v. Coffee Cty., Tennessee*, 826 Fed.App'x 549, 556 (6th Cir. 2020) (summary judgment reversed because genuine issue of material fact existed based on detainees allegations that officer slammed a metal hatch on detainee's arm and held it there for fifteen to twenty seconds); *Nelson v. Sharp*, 182 F.3d 918, 1999 WL 520751 at *2 (6th Cir. July 14, 1999) (*per curium*) (finding that prisoner allegation that prison guard slammed food slot on door on his hand and leaned his weight could support Eighth Amendment excessive force claim); *Strawther v. Lindamood*, 2009 WL 223118 at *8 (M.D.Tenn. Jan. 29, 2009) (Haynes, J.) (summary judgment denied to prison guards alleged to have used excessive force by slamming the pie flap on prisoner's finger).

The Court finds that genuine issues of material fact also exist with respect to the objective component of Plaintiff's claim. Defendant argues that "Plaintiff's minor injuries suggest that [Defendant] only used as much force as needed to secure the door and . . . was simply doing his job to keep the cellblock secure." (Memorandum in support, Docket No. 33 at 5.) First, as already found by the Court, there is evidence in the record that could support a reasonable conclusion that Defendant did not act in good faith for a valid penological reason but instead acted maliciously by repeatedly slamming the pie flap on Plaintiff's hand. Second, a factual question exists as to the actual extent of Plaintiff's injuries. Although Defendant has produced a written report by the attending nurse suggesting a very minor injury and *de minimis* injury, Plaintiff testified at his deposition that his hand "was cut up and bloody" and was scarred from the incident. (Plaintiff's deposition, Docket No. 31-1 at 9, 27, and 29.)[6] For the purposes of determining the summary judgment motion, the Court must view this evidence in the light most favorable to Plaintiff. This evidence shows more than an inconsequential or trivial injury and could reasonably support a finding that Plaintiff suffered pain that was sufficiently serious to implicate the Eighth Amendment and to satisfy the objective component of his claim. *See Wilkins*, 559 U.S. at 37; *Cordell*, 759 F.3d at 586-87. Plaintiff also contends that contemporaneous pictures of his hand were taken by a prison official that would support his allegations but that those pictures have not been produced by Defendant in discovery.

Finally, even if Plaintiff's injury is found to be a relatively minor injury, it is undisputed that he nonetheless suffered an observable injury. When genuine issues of material fact exist

---

[6] In his response to Defendant's statement of undisputed material facts, Plaintiff makes additional factual allegations about his injuries and his medical evaluation. (Docket Entry No. 45-1 at 3-4, ¶¶ 10-11.) These statements, however, are not sworn to or submitted under oath and cannot be relied upon as evidence rebutting a summary judgment motion. **Error! Main Document Only.**See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969 (6th Cir. 1991). Therefore, the Court has not considered them.

about whether there was a need for a use of force and about whether the defendant acted maliciously, the lack of a serious injury to the plaintiff is not itself a basis upon which summary judgment can be granted. *See Roberts*, 826 Fed.App'x at 556 ("[defendant] argues that he is entitled to summary judgment because the lack of medical records shows that Roberts did not suffer an actionable injury. We disagree. In the excessive-force context, the focus is on the extent of the force used rather than the extent of the injuries, although the two are at least imperfectly correlated."). A jury could reasonably accept Plaintiff's version of what occurred and likewise reasonably believe his testimony about his injuries to find that the injuries were not *de minimis*.

The Court acknowledges that this is a close case. However, the Court finds that genuine issues of material fact exist because Plaintiff's version of the events, which must be taken as true when weighing Defendant's motion for summary judgment, provides a sufficient basis for a reasonable conclusion that Defendant violated Plaintiff's right to be free from cruel and unusual punishment. Whether Plaintiff's allegations are true must be decided by a jury after assessing the credibility of the witnesses and after weighing the strength of each party's evidence. That task is not one the Court may undertake in considering a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255 (in considering a motion for summary judgment, the court is not to make credibility determinations, weigh the evidence, or determine the truth of the matter).

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Defendant Jok's motion for summary judgment (Docket Entry No. 32) be DENIED and that the Eighth Amendment claim of excessive force against Defendant Jok be set for a jury trial.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge